TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiff*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

Haifeng Xie, *on behalf of himself and others similarly situated,*

                        Plaintiff,

            v.

Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine, and Youlin Wang,

                        Defendants.

------------------------------------------------------------------x

**Case No: 17-cv-7509**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

       Plaintiff Haifeng Xie (hereafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine, and Youlin Wang (collectively "Defendants"), and alleges as follows:

<u>**INTRODUCTION**</u>

1.    This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage and overtime compensation for all

hours worked over forty (40) each workweek.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including all work done in excess of forty hours each week.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to NYLL § 650 *et seq*. and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)

and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.      Plaintiff was employed by Defendants to work as a miscellaneous kitchen worker and deliveryman at Sakura Japanese Cuisine, located at 35-15 Ditmars Boulevard, Astoria, NY 11105.

## DEFENDANTS

*Corporate Defendants*

10.     Defendant Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine is a domestic business corporation organized under the laws of the State of New York with a principal address at 35-15 Ditmars Boulevard, Astoria, NY 11105.

11.     Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.     Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendant*

13.     The Owner/Operator Defendant is an officer, director, manager, majority shareholder and/or owner of the Corporate Defendant.

14.     Being among the ten largest shareholders of the Corporate Defendant, the Owner/Operator Defendant is individually responsible for unpaid wages under the New York Business Corporation Law and New York Limited Liability Company Law.

15.     Owner/Operator Defendant Youlin Wang (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Sakura Kai

I Inc. d/b/a Sakura Japanese Cuisine.

16.    Youlin Wang actually paid employees, including Plaintiff, and is the person to whom the New York Department of State will mail process if served on behalf of Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine and the New York Alcoholic Beverage Control principal for Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine.

17.    Youlin Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine.

## STATEMENT OF FACTS

***Defendants Committed the Following Alleged Acts Knowingly, Intentionally and Willfully against the Plaintiff, the FLSA Collective Plaintiff, and the Class***

18.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

19.    At all relevant times, Defendants knowingly and willfully refrained from informing Plaintiff of their obligation to pay federal and New York minimum wage.

20.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

22.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

23.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

24.     At all relevant times, Defendants knowingly and willfully failed to maintain a time clock or other time recording system.

25.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

26.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

27.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with statements every payday in their primary languages that accurately listed all of the following: the dates of work covered by that payment of wages;  the employee's name; the name of the employer;  the address and phone number of the employer;  the employee's rate or rates of pay and basis thereof; the employee's gross wages;   the employee's deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

28.      At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff and similarly situated employees notice that they were claiming tip credit towards Plaintiff's and similarly situated employees' minimum wage.

29.      Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

30.      Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

31.      At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

***Plaintiff Haifeng Xie***

32.      From on or about August 19, 2016 to November 20, 2017, Plaintiff was employed by Defendants to work as a miscellaneous kitchen worker and deliveryman at Sakura Kai I Inc. d/b/a Sakura Japanese Cuisine.

33.      Throughout his employment, Plaintiff's regular work schedule ran:

        a.      From 11:00 to 23:00, for twelve (12) hours per day, three (3) days per week, on Mondays, Wednesdays, and Thursdays;

        b.      From 11:00 to 24:00, for thirteen (13) hours per day, two (2) days per week, on Fridays and Saturdays; and

        c.      From 12:00 to 23:00, for eleven (11) hours per day, one (1) day per week, on Fridays and Saturdays.

34.      Throughout his employment, in addition to his regularly scheduled working time, Plaintiff was required to work about an additional twenty (20) minutes every day.

35.     Throughout his employment, Plaintiff was afforded two (2) ten-minute (10-minute) meal breaks each day, during which he was on call.

36.     Throughout his employment, Plaintiff was not afforded any rest breaks during the day.

37.     In total, throughout his employment, Plaintiff worked about seventy-five (75) hours per week.

38.     Throughout his employment, Plaintiff was paid at a flat rate of one thousand five hundred dollars ($1,500.00) per month.

39.     Throughout his employment, Plaintiff was paid in semimonthly cash installments of seven hundred fifty dollars ($750.00) on the sixteenth day of each month and the first day of each new month.

40.     Over the course of his employment, Defendants withheld one thousand dollars ($1,000.00) from Plaintiff's wages.

41.     Upon information and belief, Defendants did not record Plaintiff's time worked.

42.     Throughout this employment, Plaintiff did not receive wage statements along with his semimonthly cash payments.

43.     Throughout his employment, Defendants failed to provide Plaintiff with notice that they were taking a meal credit towards the minimum wage.

44.     Throughout his employment, Defendants failed to provide Plaintiff with notice that they were taking a tip credit towards the minimum wage.

45.     Throughout his employment, Plaintiff spent more than two (2) hours per day on average performing non-tipped work as a miscellaneous kitchen worker, including washing dishes and chopping vegetables.

46.     Throughout his employment, Defendants failed to keep records of time Plaintiff spent

performing tipped and non-tipped work.

47.    Throughout his employment, Defendants failed to withhold federal and state taxes on behalf of Plaintiff.

48.    Plaintiff was not paid at least the minimum wage for all hours he worked during the week.

49.    Plaintiff was not paid his full overtime rate for all hours worked beyond forty (40) each week.

50.    Plaintiff was not paid spread of hours for all days worked longer than ten (10) hours.

51.    Throughout his employment, Plaintiff was required to maintain an electric bicycle that he used to make deliveries on behalf of Defendants. Defendants did not compensate Plaintiff for the costs to purchase and maintain this bicycle.

## COLLECTIVE ACTION ALLEGATIONS

52.    Plaintiff brings this action individually and on behalf of all other and former non-exempt chefs, sushi chefs, fryers, miscellaneous kitchen workers, waiters, packers, and deliverymen, who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

53.    Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants for up to the last six (6) years (the "Class Period").

54.    All said persons, including Plaintiff, are referred to herein as the "Class."

55.    The Class members are readily ascertainable. The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### *Numerosity*

56.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

57.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.     Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.     Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d.     Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.     Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

g.      Whether Defendants provided full and accurate paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

58.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to pay spread of hours. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

59.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

60.     A class action is superior to other available methods for the fair and efficient adjudication

of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61.    Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Fair Labor Standards Act—Failure to Pay Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

62.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.   At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and similarly situated employees for some or all of the hours that they worked.

64.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

65.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

66.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Violation of New York Labor Law—Failure to pay Minimum Wage
### Brought on behalf of the Plaintiff and the Rule 23 Class]

67.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.   At all relevant times, Plaintiff were employed by Defendants within the meaning of New

York Labor Law §§ 2 and 651.

69.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the class members for some or all of the hours they worked.

70.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the class members, for some or all of the hours they worked.

71.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

72.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

75.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

76.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated

the FLSA.

77.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

78.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

79.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

80.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiff and the Rule 23 Class]

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

83.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

84.    Defendants' failure to pay Plaintiff their overtime pay violated the NYLL.

85.    Defendants' failure to pay Plaintiff was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Pay Spread of Time**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

86.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

88.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

89.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

91.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff work or worked.

92.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

93.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

### COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and the Rule 23 Class]**

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 NCYRR § 146-2.1.

96.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

97.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

98.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

### COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and the Rule 23 Class]**

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

100.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

101.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or his first day of employment.

102.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

103.    Due to Defendants' violations of New York Labor Law, Plaintiff are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stubs Brought on behalf of Plaintiff and the Rule 23 Class]

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

106.     Defendants have failed to make a good faith effort to comply with the New York Labor

Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after

each Plaintiff's payday.

107.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover

from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for

each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab.

Law § 198(1-d).

### COUNT X.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff]

108.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully

set forth herein.

109.     Throughout the relevant period, Defendants required their deliverymen to bear all of the

"out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair,

maintenance of the delivery vehicles, including bicycles and electric bicycles.

110.     Based on his personal experience and available information, Plaintiff can document

actual "out-of-pocket" vehicle related expenses of his bicycle and electricity delivery bicycle.

111.     The conduct of Defendants, and the course of Defendant's conduct between the parties,

evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

112.     Plaintiff purchased, maintained and repaired the bicycle and electric bicycle at his own

expense.

113.     Plaintiff performed these deliveries for the sole benefit of the Defendants.

114.     Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of

gasoline and/or the maintenance of the vehicle.

115.    As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

116.    Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

117.    Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of battery change, if applicable, and maintenance of the bicycle.

**COUNT XI.**
**[Violations of 26 USC § 7434—Fraudulent Filing of IRS Returns**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    26 USC § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

120.    Due to Defendants' violations of 26 USC § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

**COUNT XII.**
**[Violations of New York General Business Law § 349—Deceptive Acts and Practices**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

121.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

122.    New York General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

123.    Due to Defendants' violations of New York GBS Law § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

124.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on his own behalf and on the behalf of the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

    a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

    b)    Certification of this case as a collective action pursuant to FLSA;

    c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award to reimburse Plaintiff's document out-of-pocket delivery vehicle costs, pursuant to the implied contract which arose between Plaintiff and Defendants;

k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to NYLL;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       December 27, 2017

                                    TROY LAW, PLLC
                                    *Attorneys for the Plaintiff, proposed FLSA*
                                    *Collective and potential Rule 23 Class*


                                    ____/s/ John Troy_____
                                    John Troy (JT0481)
                                    41-25 Kissena Boulevard Suite 119
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    Email: johntroy@troypllc.com