# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

HAIFENG XIE,

                        Plaintiff,

                                                Civil Action No.
          -against-                             17-cv-7509 (ILG)(JO)

SAKURA KAI I INC. d/b/a SAKURA
JAPANESE CUISINE, YOULIN WANG,
and "JOHN" CHEN,

                        Defendants.

-------------------------------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS


                                KEVIN KERVENG TUNG, P.C.
                                Kevin K. Tung, Esq.
                                136-20 38th Avenue, Suite 3D
                                Flushing, New York 11354
                                Tel: (718) 939-4633
                                Fax: (718) 939-4468
                                ktung@kktlawfirm.com
                                *Attorneys for Defendants*

# **CONTENTS**

AUTHORITIES

Argument ………………………………………………………………… 1

I. The Attorneys' Fees Should Be Capped by One Third of the Damages Recovered by Plaintiff on the Contingency Basis ……………………………... 1

II. The Attorneys' Fees Requested by Plaintiff's Counsel Are Unreasonably Higher Than the Prevailing Hourly Rates in the Eastern District of New York …………. 2

    A. Defendants Recommend Reducing John Troy's Rate to $200 per Hour ……………………………………………………………………… 4

    B. Defendants Recommend Reducing George Byun, a/k/a Kibum Byun, and Aaron Schweitzer's Rates to $100 per Hour ……………………………… 6

    C. Defendants Recommend Reducing Maggie Huang and Preethi Kilaru's Rates to $70 per Hour ………………………………………………… 7

III. The Attorneys' Fees Requested by Plaintiff's Counsel Are Unreasonable Because of Vague, Unnecessary, Redundant, and Questionable Billing Entries ……………………………………………………………………….. 8

Conclusion ……………………………………………………………… 13

# AUTHORITIES

**Cases:**

*Anderson v. Cnty. of Suffolk*, No. CV 09-1913, 2016 U.S. Dist. LEXIS 48891, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016)

*Ceesae v. TT's Car Wash Corp.*, No. 17 CV 291 (ARR)(LB), 2018 U.S. Dist. LEXIS 1796, at *7-8 (E.D.N.Y. Jan. 3, 2018)

*Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)

*Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160 (2d Cir. 1994)

*De Jesus v. Sea Crest Diner-Rest.*, No. 17-CV-275 (ADS)(SIL), 2018 U.S. Dist. LEXIS 77639, at *28-29 (E.D.N.Y. May 7, 2018)

*Flores v. Food Exrpess Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016)

*Hall v. ProSource Technologies, LLC*, 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791, 2016 WL 1555128, at *12 (E.D.N.Y. April 11, 2016)

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)

*Joseph v. HDMJ Restaurant, Inc.*, 970 F. Supp. 2d 131, 2013 WL 4811225, at *19 (E.D.N.Y. 2013)

*Kizer v. Abercrombie & Fitch Co.*, No. CV 12-5387 (JS) (AKT), 2017 U.S. Dist. LEXIS 116364, at *29 (E.D.N.Y. July 24, 2017)

*Lee v. 75 Oscar Nails & Spa, Corp.*, No. 15-CV-2064 (JMA) (AYS), 2018 U.S. Dist. LEXIS 165817, 2018 WL 4623018, at *3 (E.D.N.Y. Sept. 26, 2018)

*Lopez v. Poko-St. Anns L.P.*, 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016)

*Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 264 (E.D.N.Y. 2009)

*Patrolmen's Benevolent Ass'n of City of N.Y. v. City of N.Y.*, 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 U.S. Dist. LEXIS 13472, 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003)

*Ramirez v. Roka Japanese Food, Inc.*, No. 18-cv-296 (ST), 2019 U.S. Dist. LEXIS 94393, at *24-25 (E.D.N.Y. June 5, 2019)

*Remache v. Mac Hudson Grp.*, No. 14-CV-3118 (AMD) (RML), 2018 U.S. Dist. LEXIS 154099, 2018 WL 4573072, at *19 (E.D.N.Y. Sept. 7, 2018), adopted by 2018 U.S. Dist. LEXIS 163268, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018)

*Scharff v. Cty. of Nassau*, No. 10-CV-4208, 2016 U.S. Dist. LEXIS 67643, 2016 WL 3166848, at *4 (E.D.N.Y. May 20, 2016)

*Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, 2018 WL 2088280, at *2 (E.D.N.Y. May 3, 2018)

*Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)

*Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 U.S. Dist. LEXIS 39582, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014)

*Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. CV 15-3898 (JS) (AKT), 2016 U.S. Dist. LEXIS 101359, at *35 (E.D.N.Y. Aug. 1, 2016)

*Valdez v. H & S Rest. Operations*, No. 14-cv-4701 (SLT)(MDG), 2016 U.S. Dist. LEXIS 42971, at *21 (E.D.N.Y. Mar. 29, 2016)(internal citations omitted)

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)

**Statutes:**

29 U.S.C. § 216(b)

N.Y. Lab. Law. §§ 198(1)-(2), 663(1)

## **Argument**

Defendants SAKURA KAI I INC and YOULIN WANG, by their attorneys, KEVIN KERVENG TUNG, P.C., hereby respond to Plaintiff's Motion for Attorneys' Fees and Costs. Defendants do not dispute the costs, but rejected Defendants' request for exorbitant attorneys' fees that are outright unreasonable and unfair.

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. §§ 198(1)-(2), 663(1). It is well established that "courts may calculate reasonable attorneys' fees from a common fund based either on the percentage of the recovery method or the lodestar method." *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 264 (E.D.N.Y. 2009).

Plaintiff's counsel, however, seeks a much higher attorney's fees than what is reasonable based on either the percentage of the recovery method or the lodestar method. Thus, Plaintiff's counsel's request for attorneys' fees should be reduced to a reasonable level.

## **I. The Attorneys' Fees Should Be Capped by One Third of the Damages Recovered by Plaintiff on the Contingency Basis**

It is interesting that Plaintiff's counsel explained verbosely how reasonable their hourly rates are, but failed to even mention whether the retainer agreement between him and his client is based on a contingency fee or an hourly rate

arrangement. On a contingency basis, which is the routine payment arrangement in labor law cases, courts in this Circuit generally approve attorney's fees that amount to one-third contingency, and typically modify fees "representing more than one-third of the total settlement amount." *Lopez v. Poko-St. Anns L.P.*, 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) (internal citations omitted). This Court found that "[a] one-third contingency fee is a commonly accepted fee in this Circuit." *De Jesus v. Sea Crest Diner-Rest.*, No. 17-CV-275 (ADS)(SIL), 2018 U.S. Dist. LEXIS 77639, at *28-29 (E.D.N.Y. May 7, 2018) (internal citations omitted); *see also Ceesae v. TT's Car Wash Corp.*, No. 17 CV 291 (ARR)(LB), 2018 U.S. Dist. LEXIS 1796, at *7-8 (E.D.N.Y. Jan. 3, 2018) (the court recommend granting attorneys' fees in the amount of one-third of Plaintiff's recovery which amounts to $37,280.56.)

Here, since this Court entered an Order and Judgment in favor of Plaintiff and against Defendants in the total amount of $18,705.00. (See Document 54). The attorney's fees should be limited to one third of the said amount, *i.e.*, $6,235.00, which is far lower than $76,001.50 as requested by Plaintiff's counsel. Nonetheless, an analysis based on the lodestar calculation is also provided below in the event that the hourly rate payment was adopted by this Court.

## II. The Attorneys' Fees Requested by Plaintiff's Counsel Are Unreasonably Higher Than the Prevailing Hourly Rates in the Eastern District of New York

To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use

the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also Joseph v. HDMJ Restaurant, Inc.*, 970 F. Supp. 2d 131, 2013 WL 4811225, at *19 (E.D.N.Y. 2013) (internal citations omitted).

In the Eastern District, "[r]ecent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300—$450 for partners, $200—$325 for senior associates, $100—$200 for junior associates, and $60—$80 for legal support staff." *Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, 2018 WL 2088280, at *2 (E.D.N.Y. May 3, 2018); *see also Hall v. ProSource Technologies, LLC*, 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791, 2016 WL 1555128, at *12 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates and $70 to $100 per hour for paralegals."); *see also Remache v. Mac Hudson Grp.*, No. 14-CV-3118 (AMD) (RML), 2018 U.S. Dist. LEXIS 154099, 2018 WL 4573072, at *19 (E.D.N.Y. Sept. 7, 2018), adopted by 2018 U.S. Dist. LEXIS 163268, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018) (setting an hourly rate of "$275 for associates and senior associates with 4 to 9 years of experience"); *see also Ramirez v. Roka Japanese Food, Inc.*, No. 18-cv-

3

296 (ST), 2019 U.S. Dist. LEXIS 94393, at *24-25 (E.D.N.Y. June 5, 2019). Indeed, "[c]ourts have recognized slightly higher ranges in this district of $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 U.S. Dist. LEXIS 39582, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) (internal quotations omitted).

As opposed to the above-mentioned rates, here, Plaintiff's counsel seeks attorneys' fees that are unreasonably high by puffing the rates in all the categories to which he and his staff belong. In the Motion, Plaintiff's counsel requests to be awarded an hourly rate of $550.00 for John Troy's (the so-called partner's) work, an hourly rate of $350.00 for Kibum Byun and Aaron Schweitzer's (two junior associates') work, and an hourly rate of $150.00 for Maggie Huang and Preethi Kilaru's (legal support staff's) work. All these numbers are unreasonable and should be reduced to a reasonable level.

**A. Defendants Recommend Reducing John Troy's Rate to $200 per Hour**

As per the Motion, John Troy is "the attorney of record in over one hundred twenty-three (123) wage-and-hour cases in this [U.S. District Court for the Eastern] District [of New York]." (See Document 59, Page 4). In addition, Plaintiff's counsel also disclosed that they have "over one hundred thirty (130) wage-and-hour suits in Southern District of New York" and "over thirty-two (32)

wage-and-hour cases in the Northern District of New York, Western District of New York, District of New Jersey, District of Connecticut, District of Illinois, District of Massachusetts, District of Minnesota, District of Pennsylvania, and District of West Virginia." (*See* Document 59, Pages 8-11).

Even if John Troy is as experienced as he boasts, his all-time earliest case as shown in the Motion can be traced back to "1:09-cv-05018-JO Gunawan v. Sake Sushi Restaurant, Inc.," which indicates that Troy has approximately 10 years of experience with wage-and-hour cases. By the standard of this District, if the court finds that Troy falls into the category of senior associate, his hourly rate should be ranged from $200-$300 at most, and if he is categorized as "partner," his rate should be ranged from $200 to $350 per hour. See *Lee v. 75 Oscar Nails & Spa, Corp.*, No. 15-CV-2064 (JMA) (AYS), 2018 U.S. Dist. LEXIS 165817, 2018 WL 4623018, at *3 (E.D.N.Y. Sept. 26, 2018) (awarding an hourly rate of $350 to sole practitioner who had litigated wage and hour cases since 1992). In either case, John Troy's hourly rate of $550 is exorbitantly high and should be reduced by the Court.

This Circuit has found that the following factors should be considered by courts as to the reasonableness of an attorney's fee award: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Wal-Mart Stores,*

*Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (Internal citations omitted).

Here, the instant case was a simple case that did not involve collective action, and the duration of this case is relatively shorter than many comparable cases: Plaintiff's Complaint was filed on 12/27/2017 and a final judgment was entered on 04/22/2019. And the time could have been further shortened had the parties reached a settlement, despite Defendants' willingness to do so throughout the litigation. But Plaintiff's counsel either refused to settle or failed to attend the settlement conference as mentioned below, and pushed this case all the way to trial. It turned out that, however, the settlement offered by Defendants was at least double than that as awarded by the court. Moreover, compared to precedents, John Troy's practice time does not warrant the partner's rate (not to mention that John Troy also worked on trivial matters but made billing entries at a "partner's" rate as discussed below).

Thus, Defendants respectfully recommend that John Troy's rate be reduced to $200 per hour.

**B. Defendants Recommend Reducing George Byun, a/k/a Kibum Byun, and Aaron Schweitzer's Rates to $100 per Hour**

As to the two associate attorneys who handled this case, *i.e.*, George Byun, a/k/a Kibum Byun, and Aaron Schweitzer, Plaintiff's counsel also requests a much

higher hourly rate than what courts within this district typically award associates with comparable, or even greater, experience.

As per the Motion, Byun has over three (3) years of legal experience working at Troy Law, PLLC and on other positions, and Schweitzer "has about two (2) years of legal experience." (See Document 59, Pages 12, 15). Even taken as true, the experience claimed by Plaintiff's counsel can hardly put into the category of "senior associates" these two said associates who may only reach the threshold of "junior associates" for the purpose of measuring their hourly rates. This court recommended before that "[i]n FLSA cases, reasonable hourly rates awarded for the work of senior associates ranges from $200 to $300 and for junior associates, $100 to $150." *Valdez v. H & S Rest. Operations*, No. 14-cv-4701 (SLT)(MDG), 2016 U.S. Dist. LEXIS 42971, at *21 (E.D.N.Y. Mar. 29, 2016)(internal citations omitted); *see also Flores v. Food Exrpess Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (junior associates "generally command $100 to $150 per hour").

Thus, Defendants respectfully recommend that Byun and Schweitzer's rates be reduced to $100 per hour.

**C. Defendants Recommend Reducing Maggie Huang and Preethi Kilaru's Rates to $70 per Hour**

As to the paralegals that are involved in this case, *i.e.*, Maggie Huang and Preethi Kilaru, Plaintiff's counsel still calls for a higher rate than they deserve. As to legal assistants, courts in the Eastern District of New York have held that a range of $70 to $80 per hour is a reasonable fee in labor law cases. *See Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (observing in FLSA case that "[o]verall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants").

Specifically, courts in this district have also held that a range of $70 to $100 per hour is a reasonable fee for paralegals. *See, e.g., Scharff v. Cty. of Nassau*, No. 10-CV-4208, 2016 U.S. Dist. LEXIS 67643, 2016 WL 3166848, at *4 (E.D.N.Y. May 20, 2016) ("In recent years, courts in the Eastern District of New York award hourly rates ranging from . . . $70 to $100 per hour for paralegals."); *see also Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. CV 15-3898 (JS) (AKT), 2016 U.S. Dist. LEXIS 101359, at *35 (E.D.N.Y. Aug. 1, 2016).

Thus, Defendants respectfully recommend reducing Maggie Huang and Preethi Kilaru's rate to $70 per hour.

**III. The Attorneys' Fees Requested by Plaintiff's Counsel Are Unreasonable Because of Vague, Unnecessary, Redundant, and Questionable Billing Entries**

In addition to the hourly rates requested by Plaintiff's counsel, Defendants also oppose the number of hours expended by Plaintiff's counsel in connection with this case as indicated by the time sheets attached with the Motion.

Besides the discretion to determine whether an attorneys' fee award is reasonable, the court also has the discretion to impose an across-the-board reduction if an attorney has billed excessive, redundant, or unnecessary hours. *Kizer v. Abercrombie & Fitch Co.*, No. CV 12-5387 (JS) (AKT), 2017 U.S. Dist. LEXIS 116364, at *29 (E.D.N.Y. July 24, 2017). The court "should exclude . . . hours that were not reasonably expended," such as where there is overstaffing or the hours are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted).

The party seeking attorneys' fees, such as Plaintiff's counsel, also bears the burden of establishing that the number of hours for which compensation is sought is reasonable. *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160 (2d Cir. 1994), citing *Hensley v. Eckerhart*, 461 U.S. at 437; *Patrolmen's Benevolent Ass'n of City of N.Y. v. City of N.Y.*, 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 U.S. Dist. LEXIS 13472, 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003). In light of the time sheets, however, Plaintiff's counsel failed to prove the reasonableness of the number of hours expended in the case.

9

As Plaintiff's counsel disclosed in the Motion, his law firm Troy Law is one of the nation's leading firms in wage and hour advocacy and its expertise in employment law is widely recognized in the nation. (See Document 59, Page 3). On its website, Troy Law claims that "Troy Law spearheads the nation's wage-and-hour and employment litigation advocacy. We are one of the largest firms in case load in the nation's Fair Labor Standards Act wage-and-hour litigation, and the largest firm in case loads for the Chinese-American immigrant community, with over 300 cases pending in federal and state courts throughout the nation." [1]

Indeed, Troy Law is almost exclusively focused on labor/employment law and wage-and-hour advocacy on behalf of employees. For a non-class-action case such as this one, it can hardly be called as a complex case. Since many of the documents in this type of labor law cases are substantially similar or even standardized (such as Plaintiff's pleadings and discovery requests and interrogatories), and the applicable law is also ready to be referenced due to Troy Law's familiarity with this area and the duplicity in various labor cases, Plaintiff's counsel and his staff should not have expended that much time on this case as displayed on their time sheets. For example, despite his extensive experience, per the time sheets, John Troy still spent ten (10) hours from "11/25/17" to "12/29/17" in drafting, amending and filing the complaint, which was billed at an hourly rate

---

[1] See https://troypllc.com/english/#pll_switcher.

of $550 for an aggregate amount of $5,500. On other occasions, things as simple as "Arrange for Interpreter" still called for John Troy's personal attention and involvement, which will be also discussed below.

In addition, billing entries on the time sheets look disturbingly redundant or dubious. Defendants, however, cannot identify all of them simply because the descriptions for these entries were brief, vague and confounding (with some intelligible abbreviations or acronyms, *e.g.*, "FPTO", "FPTC", "JPTO"), and thus, the court should reduce the attorneys' fees requested by Plaintiff' counsel. *See Anderson v. Cnty. of Suffolk*, No. CV 09-1913, 2016 U.S. Dist. LEXIS 48891, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries").

For example, on "11-25-17," John Troy spent 1.3 hours on something under the vague entry "Research: Lexis Nexis/Legal/Other" at a rate of $550 per hour. No one can tell what John Troy was doing within those 1.3 hours based on the description. In another example, on "06-04-18," John Troy spent two "1.75" hours under the identical entries "Intake Client RE Response to D's Rogs + Doc Production Requests." Defendants doubt that if these entries represented two different events, why did not John Troy combine them into a single entry with

11

more details. This example, however, was not isolated, but developed into a consistent pattern on the time sheets.

On "07-19-18," there were two entries respectively indicating "Schedule Interpreter Plf Deposition of Def" by Aaron Schweitzer and "Arrange for Interpreter" by John Troy for 0.95 hour in total for something as simple as ordering an interpreter. Moreover, there are two successive entries of "Confer Client RE(re) Case Status" on "10-23-18," "10-25-18," and "10-29-18." There were two identical entries of "Call Chambers re FPTC" on "10-31-18." There were two "Trial Prep with Haifeng Xie" for the same "4.5" hours entered respectively by John Troy and Aaron Schweitzer on "03-03-19." On that basis, given the vagueness of the entries, Defendants are deeply concerned that doubling billing occurred in the process, which amounted to redundancy to warrant a further reduction of at least 40%.

Furthermore, Plaintiff's counsel should be responsible for some of the attorneys' fees incurred due to his own failure to comply with the rules or orders of the Court for the purpose of settlement. For example, because John Troy failed to attend the 10/31/2018 conference for settlement, and continued to fail to comply with the Court Order to secure the minutes of the proceedings of the said conference, the Court issued the 12/03/2018 Order to Show Cause why John Troy should not be sanctioned. Thus, it makes no sense for Plaintiff's counsel to charge

anyone else for his own repeated failure to comply. Plaintiff's counsel, however, did make several billing entries in relation to the events.

For example, on "10-31-18" John Troy spent "0.30" hour "Review[ing] Order," and on "12-03-18," John Troy spent "0.80" hour "Review[ing] Order, Order[ing] Transcript," as a result of the court's Order to Show Cause issued on the same day. Bizarrely, on "12-06-18" an entry was made by the putative John Troy as "Review the transcript and discuss with Mr. Troy" at his rate of $550 per hour. It is suspicious that the work billed at John Troy's rate was actually done by someone else. On this basis, the credibility of the time sheets should be discounted and a further reduction of the attorneys' fees should be warranted, not to mention that the work could have been avoided but for the counsel's timely attendance and cautious compliance with the court order.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court reduce the award of attorneys' fees to Plaintiff's counsel to one third of the total amount Plaintiff was awarded by the court, which is $6,235.00. In the alternative, Defendants request that this Court reduce the attorneys' fees to a level consistent with the prevailing rates adopted by the courts in this district and further reduce the fees by cutting the vague, unnecessary, redundant and questionable billing hours as the court deems fit.

Dated: Queens, New York
      June 24, 2019

                        KEVIN KERVENG TUNG, P.C.

                        /s/ Kevin K. Tung
                        Kevin K. Tung, Esq. (KT-1478)
                        Attorneys for Defendants
                        136-20 38th Avenue, Suite 3D
                        Flushing, New York 11354
                        (718) 939-4633