UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAIFENG XIE                                    REPORT AND
                     Plaintiff,                      RECOMMENDATION
           - against -
SAKURA KAI I INC., et al.                        17-CV-7509 (ILG) (JO)
                     Defendants.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff Haifeng Xie ("Xie") has accused defendants Sakura Kai I, Inc. and Youlin Wang of failing to pay him the wages to which he was entitled under federal and state law. *See* Docket Entry ("DE") 1 (Complaint); DE 7 (Amended Complaint) ("AC"); 29 U.S.C. § 201, *et seq.* ("FLSA"); NYLL §§ 190, 650, *et seq.* ("NYLL"). The court held a bench trial, awarded Xie judgment in the amount of $18,705.00 against both defendants jointly and severally on the state law claims, and dismissed the remaining claims. *See* DE 54. Xie now seeks an award of attorneys' fees and costs. Upon a referral from the Honorable I. Leo Glasser, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court award Xie a total of $19,463.31, including $16,645.95 in reasonable attorneys' fees and $2,817.36 in costs.

I.      Background

       On December 27, 2017, Xie filed a Complaint accusing his employers, defendants Sakura Kai I, Inc. and Youlin Wang, of failing to pay him the wages due under the FLSA and NYLL and also asserting other related causes of action. *See* AC ¶¶ 1-5.[1] Following a two-day bench trial, the court found both defendants jointly and severally liable on five claims under the NYLL: failure to pay minimum, overtime, and spread-of-hours wages, as well as failure to provide a wage notice and

---

[1] Xie also asserted claims against "John" Chen, who never appeared, and the court ultimately dismissed those claims. *See* DE 1; DE 54. I exclude defendant Chen from references to the "defendants" below.

pay stubs. The court found that Xie had failed to establish the remaining seven claims in the Amended Complaint, including the FLSA wage claims and claims for breach of implied contract, retaliation, deceptive business practices, and fraudulent tax filings. *See* DE 52 (Memorandum and Order). On April 22, 2019, the court entered judgment in Xie's favor in the amount of $18,705.00. *See* DE 54.

Xie now seeks, over the defendants' objection, $76,001.50 in attorneys' fees and $2,817.36 in costs. *See* DE 57 (notice of motion); DE 58 (counsel's supporting declaration) ("Troy Decl."); DE 59 (supporting memorandum) ("Memo."); DE 62-1 (opposing memorandum) ("Opp."); DE 63 ("Reply"). The court referred the motion to me by Order dated December 23, 2019.

II.   Discussion

   A.   Fees

Having prevailed on his NYLL claims, Xie is entitled to an award of reasonable attorneys' fees and costs. *See* NYLL §§ 198(1-a), 663(1). Courts in this circuit assess fee applications using the lodestar method, which determines the presumptively reasonable fee by multiplying the reasonable hourly rate with the reasonable number of expended hours for a case. *See, e.g., Kindle v. Dejana*, 308 F. Supp. 3d 698, 703 (E.D.N.Y. 2018).[2] District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich,* 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992)); *see also Lilly*, 934 F.3d at 234 ("[W]e afford district courts broad discretion in awarding attorneys' fees because they are much

---

[2] I use the term "lodestar" only for ease of reference. *See Lilly v. City of New York*, 934 F.3d 222, 227-231 (2d Cir. 2019) (reaffirming the lodestar method as the long-standing approach to calculating attorney's fees in the Second Circuit and as endorsed by the Supreme Court); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal error").

2

closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case.").

It would not be appropriate under applicable law to cap the fee award at one-third of the damages award, as the defendants propose. *See* Opp. at 2; *Millea*, 658 F.3d at 169 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis in original). However, it remains Xie's burden to establish the reasonableness of the requested fees. *See Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 309 (E.D.N.Y. 2015) (citations omitted).

1. <u>Hourly Rates</u>

Xie seeks to compensate his attorneys at the following hourly rates: $550 for John Troy ("Troy"), $350 for each of Kibum "George" Byun ("Byun") and Aaron Schweitzer ("Schweitzer"), and $150 for each of Maggie Huang ("Huang") and Pretthi Kilaru ("Kilaru"). *See* Memo., at 12-19. Such rates exceed those normally approved in comparable cases in this district. A reasonable hourly rate is the minimum rate a client would be willing to pay to litigate the case effectively, taking into account the prevailing rates in this district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008); *Jin Li v. W. Metal Work & Supply, Inc.*, 2019 WL 246275, at *7 (E.D.N.Y. Feb. 27, 2019). Courts in this district typically award fees in comparable cases using the following hourly rates: $300-$400 for partners, $200-$325 for senior associates, $100-$150 for junior associates, and $70-$100 for non-attorney professionals. *See, e.g. Alvarez v. Sterling Portfolio Inv., LP*, 2017 WL 8790990, at *8 (E.D.N.Y. Dec. 13, 2017) (collecting cases).

Consistent with recent decisions involving the attorneys and support staff who represent Xie, I respectfully recommend that the court use the following hourly rates in awarding fees: $375 for Troy, $150 for each of Byun and Schweitzer; and $75 for non-attorneys Huang and Kilaru. *See*,

*e.g.*, *Singh v. A & A Mkt. Plaza, Inc.*, 2019 WL 4861882, at *9 (E.D.N.Y. Sept. 30, 2019); *Xin Long Lin v. New Fresca Tortillas, Inc.*, 2019 WL 3716199, at *9 (E.D.N.Y. May 1, 2019) (report and recommendation), *adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019); *Ye Hong v. 7 Express Rest. Corp.*, 2019 WL 2261091, at *8 (E.D.N.Y. Mar. 14, 2019) (report and recommendation), *adopted as modified,* 2019 WL 1429584 (E.D.N.Y. Mar. 29, 2019); *Suarez Castaneda v. F&R Cleaning Servs. Corp.*, 2019 WL 5694118, at *15 (E.D.N.Y. Mar. 15, 2019) (report and recommendation), *adopted*, 2019 WL 5693768 (E.D.N.Y. July 8, 2019); *Jin Li*, 2019 WL 2436275, at *7. In seeking a higher rate, Troy miscites – as he has in far too many other cases before this court – inapplicable decisions from a different district (which in any event adopted rates lower than Troy seeks here). *See* Troy Decl. ¶ 25; *Singh*, 2019 WL 4861882, at *8 n.3 (criticizing Troy for same reason). The defendants likewise ignore applicable law in seeking lower rates. *See* Opp., at 4-6.

   2.   Compensable Hours

Xie seeks to compensate his attorneys for 180.65 hours of work: 74.46 hours by Troy, 10.00 by Byun, 85.60 by Schweitzer, 5.81 by Huang, and 4.78 by Kilaru. *See* DE 58-1 (Billing Records). As explained below, I conclude that the court should reduce those hours significantly.

"A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates." *Fundora v. 87-10 51st Ave. Owners Corp.*, 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147-48 (2d Cir. 1983)). "Descriptions of work recollected in tranquility days or weeks later will not do…. The records must be specific and detailed. Even if made contemporaneously, an entry 'Engaged on Jones case—8 hours' will not do." *Gortat v. Capala Bros*, 2014 WL 3818614, at *5 (E.D.N.Y. Aug. 4, 2014) (internal quotation marks omitted). In determining the number of hours for which fees should be awarded, the court should not compensate counsel for hours that are

4

"excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)); *Bliven v. Hunt,* 579 F.3d 204, 213 (2d Cir. 2009).

Xie's counsel's billing records include several repetitive or otherwise questionable entries, more of which ascribe work to Troy than might reasonably be expected for a case that Troy did not try and in which he rarely appeared in court. For example the billing records for June 4, 2018,[3] include two separate entries, each of which charges for 1.75 hours of Troy's time performing a task described as "Intake Client RE Response to D's Rogs + Doc Production Requests."[4] The records for October 23, 25, and 29, 2018, reflect that Troy billed for six separate conferences with Xie of varying lengths (one each day for 0.25 hours and a second each day for 0.5 hours). The records further purport to show that on December 3, 2018, Troy spend 0.8 hours reviewing the order for cause and ordering a transcript and then – two days later – reviewing the transcript he had just ordered for 0.45 hours and discussing the transcript "with Mr. Troy."[5] The duplicative entries, and the fact that Troy's junior associates, rather than Troy himself, handled the bulk of the court appearances, suggest that much of the work Xie ascribes to Troy either never happened, happened once rather than multiple times, and may well have been performed by professionals other than Troy. I make no such assumption, but simply find that the billing records' inconsistencies and questionable entries render them less than wholly reliable. Accordingly, I respectfully recommend that the court ascribe hours to Troy only where other parts of the record corroborate the billing

---

[3] I assume that the billing records' use of "06-04-18" refers to June 4, 2018 and interpret other similarly formatted date designations accordingly.

[4] Troy's firm having filed the initial Complaint over five months earlier, I am at a loss to understand why Troy would have reasonably needed to spend any time on "Client Intake" on June 4, 2018.

[5] The most plausible interpretation is that Troy ascribed to himself a task that one of his colleagues performed and neglected to edit the entry to mask the change. Even if Troy really did perform this work himself, it is unreasonable to require the defendants to pay for him to talk to himself.

records. *See Alvarado v. Five Town Car Wash*, 2015 WL 5437254, at * 3 (E.D.N.Y. July 23, 2015) (ascribing hours to higher-paid counsel that could only be verified by other parts of the record after the defendant noted that associates, compensated at a lower rate, had actually performed much of the work attributed to the higher-paid counsel).

The docket conclusively establishes that Troy appeared in court for an initial conference in this matter. *See* DE 29. I assume that the time Troy claims for meeting with the defendants' counsel is accurate, as the defendants do not dispute it. *See Alvarado*, 2015 WL 5437254, at *3. I therefore conclude that the court should credit Troy with 6.4 hours of compensable work and ascribe to his junior associates the remaining 68.06 hours he claims.

In addition to the particularized reductions discussed above, I further recommend a reduction of the remaining hours to account for a variety of other anomalies in the billing records. One example of such problems is that Troy and his associates have impermissibly engaged in block billing – aggregating multiple tasks in one billing entry – which "makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided." *Bond v. Welpak Corp.*, 2017 WL 4325819, at *8 (E.D.N.Y. Sept. 26, 2017) (citing *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142 (E.D.N.Y. 2013) (internal quotation marks omitted)). Another is that the junior associates, like Troy, have charged for duplicative work or work that the defendants should not be required to subsidize.[6] Yet another, as the defendants correctly observe, *see* Opp. at 10-11, is that Xie's counsel billed excessive amounts of time for relatively simple tasks and

---

[6] For example, on July 19, 2018, Troy and Schweitzer collectively entered three charges totaling 1.7 hours of work (including two identical charges by Schweitzer) for scheduling an interpreter for the plaintiff's deposition. Even if the hours claimed for that task – which could easily have been assigned to a non-attorney – are accurate, which seems unlikely, the charges are excessive.

The defendants likewise should not be required to pay for the 3.55 hours the plaintiffs claim (1.55 hours for Troy and 2.00 for Kilaru) for their counsel's work responding to this court's order to show cause. *See Suarez Castaneda*, 2019 WL 5694118, at *15.

6

provided only vague descriptions of some of their work. These problems warrant a significant reduction of compensable hours. *See, e.g., Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012); *Struthers v. City of New York*, 2013 WL 5407221, at *8-9 (E.D.N.Y. Sept. 25, 2013); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012); *Marisol A. ex rel. Forbes v. Giuliani,* 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000).

"One acceptable method for 'trimming the fat' from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed." *Fundora,* 2015 WL 729736, at *2 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F. 2d 226, 237-38 (2d Cir. 1987)). In light of the many problems with Xie's counsel's billing records, I respectfully recommend that the court re-allocate all but 6.4 hours of Troy's claimed time to junior attorneys and reduce all of the claimed hours by forty percent.[7] As a result, I respectfully recommend an award of attorneys' fees in the total amount of $16,645.95 as summarized in the following chart.[8]

| Professional | Hourly Rate | | Hours Worked | | | Adjusted Fee |
|---|---|---|---|---|---|---|
| | Claimed | Adjusted | Claimed | Re-allocated | Reduced 40% | |
| Troy | $550 | $375 | 74.46 | 6.40 | 3.84 | $1,440.00 |
| Schweitzer | $350 | $150 | 85.60 | 153.66 | 92.20 | $13,829.40 |
| Byun | $350 | $150 | 10.00 | 10.00 | 6.00 | $900.00 |
| Huang | $150 | $75 | 5.81 | 5.81 | 3.49 | $261.45 |
| Kilaru | $150 | $75 | 4.78 | 4.78 | 2.87 | $215.10 |
| TOTAL | | | 180.65 | 180.65 | 108.39 | $16,645.95 |

---

[7] I do not recommend a further reduction based on counsel's failure to certify the collective and class Xie initially alleged, *see* AC ¶¶ 59-68, their failure to secure any relief against defendant Chen, or the dismissal of most of the Amended Complaint's claims against the appearing defendants. However, the limited success of Xie's counsel in securing the relief sought in the Amended Complaint bolsters the justification for the reductions recommended above. *See Stanczyk v. City of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014) (citing *Hensley*, 461 U.S. at 434-35); *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008).

[8] Because I recommend compensating Schweitzer and Byun at the same rates, I re-allocate Troy's claimed hours exclusively to Schweitzer for ease of calculation.

  B. <u>Costs</u>

  Xie seeks reimbursement for $2,817.36 in costs. *See* DE 58-1 (Expense Records). The defendants do not object to the request. *See* Reply at 1. I therefore respectfully recommend that the court award Xie costs in the amount of $2,817.36.

III. <u>Recommendation</u>

  For the reasons set forth above, I respectfully recommend that the court award Xie a total of $19,463.31, including $16,645.95 in reasonable attorneys' fees and $2,817.36 in costs.

IV. <u>Objections</u>

  Any objections to this Report and Recommendation are due by March 26, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile*, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

  SO ORDERED.

Dated: Brooklyn, New York
   March 12, 2020

                   /s/
                 James Orenstein
                 U.S. Magistrate Judge