UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HAIFENG XIE

                     Plaintiff,

   -against-

SAKURA KAI I INC., et al.

                     Defendants.
------------------------------------------------------------x

ORDER ADOPTING REPORT
AND RECOMMENDATION

17-CV-7509 (ILG) (JO)

GLASSER, Senior United States District Judge:

On March 12, 2020, Magistrate Judge James Orenstein recommended that this Court grant Xie's motion for attorneys' fees and costs. (ECF No. 65, "R&R"). Citing "many problems with Xie's counsel's billing records," Judge Orenstein calculated attorneys' fees in an amount lower than what was sought.[1] (R&R 1). He lowered the hourly rates for each attorney, reallocated hours from the firm's principle attorney to junior associates, and imposed an "across-the-board" 40% percent reduction. (*Id.* at 7).

Plaintiff objects to the reallocation of hours and to the 40% reduction. (ECF No. 66). The Court reviews those portions of the Report and Recommendation *de novo*, and the remainder for clear error. 28 U.S.C. § 636(b)(1). For the reasons stated below, the court overrules Plaintiff's objection in its entirety and adopts the Report and Recommendation in full.

## DISCUSSION

**I. <u>Reallocation of Principal's Hours to Associates</u>**

The reallocation of principal John Troy's hours is entirely warranted. Judge Orenstein observed, and this Court wholly agrees, that "Xie's counsel's billing records include several

---

[1] Plaintiff's calculation of costs was not opposed by Defendants, and Judge Orenstein recommends it be adopted in full. (R&R 8).

1

repetitive or otherwise questionable entries, more of which ascribe work to Troy than might reasonably be expected for a case that Troy did not try and in which he rarely appeared in court." (R&R 5). These inconsistencies and questionable entries "render [the billing records] less than wholly reliable." (*Id.*). In such circumstances, the court should only ascribe to the higher paid counsel those hours which can be independently verified by other parts of the record. *Alvarado v. Five Town Car Wash Inc.*, No. 13-CV-1672 (RJD)(JO), 2015 WL 5437254, at *3 (E.D.N.Y. July 23, 2015), *report and recommendation adopted,* No. 13-CV-1672 (RJD)(JO), 2015 WL 5444930 (E.D.N.Y. Sept. 15, 2015).

Plaintiff believes that the remedy proscribed in *Alvarado* applies only where counsel's billing records are egregiously false. (Pl's Objection 1–2). That is an artificially narrow reading of the case. Rather, *Alvarado* is one of a long line of decisions in this District affirming that a fee applicant bears the burden of providing detailed and convincing time records. *See also Fundora v. 87–10 51st Ave. Owners Corp.*, 2015 WL 729736, at *1 (E.D.N.Y. Feb.19, 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983)). Plaintiff simply has not met that burden with respect to John Troy's hours, except with respect to the 6.4 hours singled out by Judge Orenstein.

Plaintiff also disagrees that counsel's billing records are unreliable, arguing that Judge Orenstein "cherry picked" examples of inconsistencies and questionable entries. (Pl's Objection 1). The Court is unmoved by this argument. The existence of even a few inconsistencies and questionable billing entries—and here, there are more than a few—renders the entire record suspect.

Plaintiff's remaining objections amount to new arguments which could have been raised before Judge Orenstein. In this Circuit, a district judge "will not consider new arguments raised in

objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018).

For instance, Plaintiff argues that principal attorney John Troy was entitled to a rate of $550 for doing menial work normally billed to junior associates because he was the only Chinese-speaking attorney at the firm, allowing him to more efficiently interface with his Chinese-speaking client. (Pl's Objection 1-2). Plaintiff should have made this argument in his reply brief to Judge Orenstein. It is too late to raise it now. (*See* Def's Opp'n 10-11) (questioning Mr. Troy's billing of tasks for which he was overqualified).

Plaintiff also provides various explanations for the inconsistencies in counsel's time entries, all of which should have been raised in its reply brief to Judge Orenstein. (*Compare* Pl's Objection 2–3 *with* Def's Opp'n 11-12) (each discussing problematic time entries for June, October and December of 2018).

## II. <u>Across-the-Board Hours Reduction</u>

Judge Orenstein was correct to reduce all hours billed by 40%. Where counsel relies on vague entries or block billing practices which make it difficult for a court to assess reasonableness, an across-the-board fee reduction is warranted. *Anderson v. Cty. of Suffolk*, No. CV 09-1913, 2016 WL 1444594, at *6 (E.D.N.Y. Apr. 11, 2016) (noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries").

Plaintiff argues that Judge Orenstein's reduction is excessive, and that a 33% reduction would be more appropriate. However, even if a 40% reduction sits towards the higher end of the spectrum, it is well justified in light of the serious problems contained in counsel's billing records.[2]

---

[2] A review of these problematic entries is found in the Report and Recommendation. (R&R 5–6).

In any event, a 40% reduction is far more common than Plaintiff would have this Court believe. *See, e.g.*, *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 112 (E.D.N.Y. 2013); *Ritchie v. Gano*, 756 F.Supp.2d 581, 583 (S.D.N.Y. 2010); *DeVito v. Hempstead China Shop, Inc.*, 831 F.Supp. 1037, 1045 (E.D.N.Y. 1993) (each imposing a 40% across-the-board reduction).

## CONCLUSION

Plaintiff's objection is overruled in its entirety. Finding no clear error elsewhere, the Report and Recommendation is adopted in full. Accordingly, the motion for attorneys' fees and costs is GRANTED as modified. Plaintiff is awarded a total of $19,463.31, including $16,645.95 in reasonable attorneys' fees and $2,817.36 in costs.

SO ORDERED.

Dated: Brooklyn, New York
       May 20, 2020

/s/
I. Leo Glasser                    U.S.D.J.

4